UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Criminal Case No.  08-CR-178 (RMC) |
| JADON PRYOR | : | |

**GOVERNMENT'S  MOTION TO ADMIT EVIDENCE OF DEFENDANT'S
PRIOR CONVICTION PURSUANT TO FEDERAL RULE OF EVIDENCE  609**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully notifies the defendant and the Court of its intent to impeach the defendant, should he choose to testify, with a prior conviction pursuant to Fed. R. Evid. 609.  In support of its motion, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing regarding this motion:

**I. Background.**

1. The defendant is charged with one count of Unlawful Possession with Intent to Distribute 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 941(b)(1)(A)(iii). The case arises out of a traffic stop by officers of the Metropolitan Police Department of a Mercury Sable which occurred on May 27, 2008, in the 1200 block of Congress Street, S.E., Washington, D.C.  The officers pulled the car over to determine whether it was in violation of window tint regulations.  When the officers stopped the car, the defendant was the driver and sole occupant.  The defendant stepped out of the car so that the officers could measure his window tint.  When they finished, Officer Robert Elliot asked the defendant if he had any alcohol in the car.  The defendant said he did not.  Officer Elliot requested permission to search the car for alcohol.  The defendant gave consent.  When Officer Elliot looked in the map pocket that was on the rear of the front passenger seat, he found a brown paper bag.  Inside the paper bag, he located four ziplocks with an

apple logo that contained hundreds of empty smaller ziplocks. Officer Elliot then searched the cup holder that was attached to the rear of the center console, and found six individually wrapped "eight balls" (19 grams) of crack cocaine. Officer Elliot placed the defendant under arrest. Officers then searched the defendant and located a plastic wrap that contained an additional 64 grams of crack cocaine. After he was arrested, the defendant gave a videotaped statement to officers in which he admitted, among other things, that he had a "62," and four "eight balls" in his car. He stated that he sells cocaine "here and there." He claimed that he would purchase the cocaine from anybody and had received this cocaine for a week..[1]

    2. The defendant has been previously convicted of the following offense:

    a.    the felony offense of Attempted Distribution of Cocaine, in Case No. 2000FEL003759, in the Superior Court for the District of Columbia, on March 16, 2001, for which he was sentenced to two to six years of imprisonment, with execution of the sentence suspended. The defendant was placed on two years of supervised probation. On October 16, 2001, the Superior Court issued an Amended Judgment and Commitment Order, sentencing the defendant to three years in jail.

    Should the defendant choose to testify, we seek to use this conviction, pursuant to Fed. R. Evid. 609(a)(1), to impeach him.

---

[1] He also told officers that he had a pistol in his house in Maryland and then arranged for his wife to turn that pistol over to the officers.

**II. Fed. R. Evid. 609(a)(1).**

3. "[E]vidence that an accused has been convicted" of a crime punishable by more than one years' imprisonment may be used to impeach him if the probative value outweighs the prejudicial effect. Fed. R. Evid. 609(a)(1). The defendant has been convicted of one count of Attempted Distribution of Cocaine, and that conviction was punishable by more than one years' imprisonment. He was released from custody on that offense within the last ten years. This Court should permit the use of this conviction to impeach the defendant because its probative value outweighs any prejudicial effect. United States v. Lipscomb, 702 F.2d 1049 (D.C. Cir. 1983) (en banc).

4. In Lipscomb, the D.C. Circuit Court of Appeals conducted an exhaustive review of the legislative history of Rule 609, noted that "Congress believed that all felonies have some probative value on the issue of credibility," and held that "all felony convictions are probative of credibility to some degree." 702 F.2d at 1062, 1068. The effect of prior convictions upon a juror's evaluation of witness testimony is well-documented. Such convictions are particularly probative where, as here, a defendant's credibility will be a central issue in the case should he choose to testify at trial. Id. at 1071. This is a constructive possession case where the defendant may deny possession of the narcotics that were located in the car. The defendant's prior conviction for Attempted Distribution of Cocaine bears directly upon his credibility. The serious nature of the defendant's prior offense is highly probative of his lack of respect for the law and his lack of veracity, and is thus directly relevant to an examination of his credibility. The government is therefore entitled to challenge his credibility with his prior felony conviction. The probative value far outweighs any prejudice to the defendant, which can be cured by an appropriate cautionary instruction from the Court.

5. The fact that the defendant is currently charged with a possessory narcotics offense is no bar to impeaching him with a prior offense involving his possession of narcotics. "Where a prior similar conviction is used for impeachment purposes because the defendant's credibility and testimony are central to the case, the mere fact that the danger exists that the jury may consider one prior similar charge as evidence of the defendant's character, standing alone, does not warrant its exclusion." Charles E. Wagner, Federal Rules of Evidence Case Law Commentary 501 (1997). In this regard, the D.C. Circuit Court of Appeals has refused to apply a per se rule barring the admissibility, for impeachment purposes, of prior convictions which are similar to the underlying charge. United States v. Lewis, 626 F.2d 940 (D.C. Cir. 1980)(finding the fact that the prior felony conviction was for a narcotics offense, and the defendant was again being tried for a similar offense, did not render the prior conviction inadmissible, and may have even increased its probative value). Other courts routinely admit evidence of prior convictions -- including prior gun convictions in federal weapons cases -- even when the gravamen of those prior offenses are the subject of the case in which the prior convictions are admitted. E.g. United States v. Valencia, 61 F.3d 616, 619 (8th Cir. 1995) (permissible to impeach defendant with prior drug conviction in drug case); United States v. Smith, 49 F.3d 475, 478 (8th Cir. 1995) (evidence of defendant's prior gun conviction properly used to impeach his credibility in case charging defendant with being a felon in possession of a firearm); United States v. Alexander, 48 F.3d 1477, 1489 (9th Cir. 1995) (similar crimes are not per se inadmissible; proper to impeach with prior robbery conviction in robbery case where defendant's credibility was important); United States v. Causey, 9 F.3d 1341, 1344 (7th Cir. 1993) (permissible to allow impeachment with prior gun conviction in gun case where defendant's credibility was central); United States v. Ortiz, 553 F.2d 782, 784-85 (2d Cir. 1977) (no abuse of discretion where

prior narcotics conviction used to impeach in drug case).

**III. Fed. R. Evid. 609(b).**

6. Fed. R. Evid. 609(b) places a temporal restriction on the use of convictions for impeachment purposes: "Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date . . ." Here, the defendant was released from custody within the past ten years. In sum, the prior conviction may properly be used for impeachment.

WHEREFORE, the government respectfully notifies the defendant and the Court of its intent to use the defendant's prior conviction for impeachment purposes.

Respectfully Submitted,

JEFFREY A. TAYLOR
Attorney of the United States in
and for the District of Columbia
Bar No. 498610

BY:         /s/
EMILY A. MILLER
Assistant United States Attorney
Bar No. 462077
Federal Major Crimes Section
555 4th Street, N.W., Room 4237
Washington, DC 20530
(202) 514-7533
Emily.Miller2@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **Criminal Case No. 08-CR-178 (RMC)** |
| **JADON PRYOR** | : | |

**ORDER**

Based upon the government's motion to admit the defendant's prior conviction for impeachment purposes, and any oppositions thereto, for the reasons set forth in the government's motion, it is this _____ day of _____, 2008, hereby

**ORDERED** that, should the defendant chose to testify, the government may impeach him with his convictions set out in the government's motion.

_____
ROSEMARY M. COLLYER
UNITED STATES DISTRICT JUDGE