UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Criminal Case No. 08-CR-178 (RMC) |
| JADON PRYOR | : | Status Hearing: October 3, 2008 |

**UNITED STATES' MOTION TO ADMIT OTHER CRIMES
EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to permit the introduction of prior misconduct, all of which is relevant to prove the defendant's knowledge, intent and absence of mistake, pursuant to Federal Rule of Evidence 404(b) ("Rule 404(b)"). In support of its motion, the United States relies on the following points and authorities, and such other points and authorities as may be cited at a hearing on this matter:

**Factual Summary**

1.      The defendant is charged with one count of Unlawful Possession with Intent to Distribute 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 941(b)(1)(A)(iii).

2.      At a hearing or trial in this matter, government counsel expects the evidence for these charges to demonstrate substantially as follows. On May 27, 2008, at approximately 8:35 p.m., in the 1200 block of Congress Street, S.E., Washington, D.C., officers of the Metropolitan Police Department of conducted a traffic stop of a Mercury Sable to determine whether the vehicle was in violation of window tint regulations. When the officers stopped the car, the defendant was the driver and sole occupant. At the officers' request, the defendant stepped out of the car so that the officers could measure his window tint. When they finished, Officer Robert Elliot asked the defendant

whether he had any alcohol in the car. The defendant said that he did not. Officer Elliot requested permission to search the car for alcohol. The defendant gave consent. When Officer Elliot looked in the map pocket that was on the rear of the front passenger seat, he found a brown paper bag. Inside the paper bag, he located four ziplocks with an apple logo that contained hundreds of empty smaller ziplocks. Officer Elliot then searched the cup holder that was attached to the rear of the center console, and found six individually wrapped "eight balls" of suspected crack cocaine.[1]

3.      Officer Elliot placed the defendant under arrest. Officers then searched the defendant and located in his pocket a plastic wrap that contained a substance the DEA later analyzed to be 61.9 grams of crack cocaine. After he was arrested, the defendant gave a videotaped statement to officers in which he admitted, among other things, that he had a "62," and four or five "eight balls" in his car. He stated that he sells cocaine "here and there." He claimed that he would purchase the cocaine from anybody and had received this cocaine about a week earlier from "an African guy" in the area of "14th and U".

### Prior Misconduct the Government Seeks to Introduce

4.      The government seeks to introduce evidence of the following facts pursuant to Rule 404(b). On June 27, 2000, at approximately 5:57 p.m., members of the Metropolitan Police Department's Sixth District Vice Unit were conducting a buy-bust operation on the side of 4635 Hillside Road, S.E., Washington, D.C. An undercover officer entered the block and made contact with the defendant. The undercover officer asked if he could purchase three rocks for $25.00. The defendant stated that he did not have three. The undercover officer then asked if he could purchase

---

[1]   An "eight ball" is a street slang term for approximately 3.5 grams of cocaine. According a later analysis by a chemist at the Drug Enforcement Administration ("DEA"), these six individually wrapped eight balls had a total weight of 17.6 grams.

2

two rocks for $20.00. The defendant went alongside the building and returned with two ziplocks of a white rocklike substance. The defendant gave the two ziplocks to the undercover in exchange for $20.00 in prerecorded funds. The undercover officer left the block. A portion of the white rocklike substance field-tested positive for cocaine. A lookout was provided to the arrest teams. Members of the arrest team moved into the block and stopped the defendant. The undercover officer positively identified the defendant as the person who sold the narcotics. The defendant was placed under arrest.

5.    After he was arrested, on January 10, 2001, the defendant pled guilty to Attempted Distribution of Cocaine in Superior Court Case No. F-3759-00. On March 16, 2001, he was sentenced.[2]

6.    At trial, the government anticipates establishing the above-described facts by offering into evidence certified copies of the Judgment and Commitment Orders pursuant to Federal Rule of Evidence 803(22), officer testimony, a transcript or recording of the plea proceedings, and/or a stipulation of the parties.

### Argument

7.    Under Rule 404(b), evidence of the defendant's prior drug trafficking should be admitted because it tends to prove three necessary elements of the government's case. First, it shows intent, motive, plan and preparation to distribute the drugs found in the automobile. Second, it shows that he is familiar with cocaine and therefore possessed knowledge that the substances

---

[2]    He was sentenced to two to six years in jail, with execution of the sentence suspended. He was placed on two years of supervised probation. On October 16, 2001, his probation was revoked, and he was sentenced to one to three years in jail.

recovered from his automobile were cocaine. Third, it makes more likely than not that he knew that the drugs were in the automobile and that he intended to possess them.

  8. Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to undermine a defendant's character, but it is admissible for any non-propensity purpose, including motive, intent, plan, knowledge, and absence of mistake. See United States v. Bowie, 232 F.3d 923, 926, 930 (D.C. Cir. 2000). Importantly, this rule is one of "inclusion rather than exclusion." Id. at 929. Although the first sentence of the rule is framed restrictively, the rule is primarily permissive, barring admission of other crimes evidence in but one circumstance: for the purpose of proving that a person's actions conformed to his character. United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998) (en banc) (Crowder II), cert. denied, 525 U.S. 1149 (1999). As the Court stated in United States v. Cassell, 292 F.3d 788, 795 (D.C. Cir. 2002), "[t]rue, the evidence may tend to show that [defendant] is a person of bad character, but Rule 404(b) does not thereby render it inadmissible. To reiterate what we have stated before . . . under Rule 404(b), 'any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character.'" Id. (citing United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990), cert. denied, 498 U.S. 825 (1990)) (emphasis in original).

  9. Prior crimes evidence, like all evidence, is subject to the restrictions of Rule 403. Thus, the admissibility of other crimes evidence rests on a two-step inquiry: 1) whether the other crimes evidence is relevant to an issue other than the defendant's character or propensity, and if so, 2) whether the evidence is admissible under Rule 403 because its probative value is not substantially outweighed by the danger of unfair prejudice. United States v. Moore, 732 F.2d 983, 987 (D.C. Cir. 1984). In a close case, Rule 403 "tilts, as do the rules as a whole, toward the admission of

evidence," even when dealing with Rule 404(b) prior crimes evidence. Id. at 989; see also Huddleston v. United States, 485 U.S. 681, 688-89 (1988) ("Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence").

10. Admission of 404(b) evidence does not require the Court to make any preliminary factual findings or to weigh the quality of the evidence. See id. at 690. The trial court "simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact [other crimes evidence] . . . by a preponderance of the evidence." Id.

11. In the instant case, the government must prove that the defendant knowingly and intentionally possessed the crack cocaine that was ultimately recovered from his vehicle. This means consciously, voluntarily, and on purpose, not mistakenly, accidentally, or inadvertently." See Criminal Jury Instructions (the "Red Book"), Instruction 4.28. The jury will be instructed that "[m]ere presence near something or mere knowledge of its location is not enough to show possession." Red Book, Instruction 3.08. See also Cassell, 292 F.3d at 792-94 (constructive possession requires proof of "a mental element (knowing possession)"). Moreover, the jury will be instructed that the defendant had the specific intent to distribute the controlled substance. Red Book, Instruction 4.29. Therefore, the government's burden of proving intentional possession, intent to distribute, and lack of mistake or accident, is substantial. Each of these elements is directly addressed by the proffered evidence.

12. "As the Supreme Court has noted, 404(b) evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct."

5

United States v. Clarke, 24 F.3d 257, 265 (D.C. Cir. 1994) (citing Huddleston, 485 U.S. at 685) (emphasis added in Clarke).  Indeed, the Rule 404(b) evidence the government seeks to admit at trial, i.e., prior possession to prove knowledge, intent, and absence of mistake regarding current possession, is precisely the same sort of other crimes evidence for which admission at trial has been upheld in the past.  For example, in Crowder II, 141 F.3d at 1202, other crimes evidence was admitted to show the defendant's knowledge, intent, and motive.  The Court in Crowder II stated:

> A defendant's hands-on experience in the drug trade cannot alone prove that he possessed drugs on any given occasion.  But it can show that he knew how to get drugs, what they looked like, where to sell them and so forth.  Evidence of a defendant's experience in dealing drugs -- evidence that is, of his "bad acts" -- thus may be a "brick" in the "wall" of evidence needed to prove possession.  See Fed.R.Evid. 401, advisory committee notes.

Id. at 1209 n. 5.  The government seeks to do nothing more in the instant case – i.e., to show the defendant's intent, knowledge, motive, plan, opportunity and absence of mistake with respect to the drugs he possessed.  Id.

13. All of the "other crimes" evidence described above is highly probative of the defendant's knowing and intentional possession of the drugs in the vehicle.  Moreover, this evidence is also probative in showing that the defendant's possession of the drugs were not the result of mistake or accident.

14. Numerous cases in this Circuit demonstrate that evidence of a prior or subsequent possession of drugs or firearms is admissible as 404(b) evidence to show the defendant's knowledge and intent, and his lack of accident or mistake, in a constructive possession case.  See Cassell, 292 F.3d at 793 ("We have previously held that 'in cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often

quite relevant to his knowledge and intent with regard to the crime charged'") (citation omitted).³ In Cassell, the Court of Appeals held that the fact that defendant previously possessed weapons "tends to make it less probable that the weapons recovered from his bedroom were there without his knowledge, without intent, or by accident or mistake." Id. at 796 (citing United States v. Brown, 16 F.3d 423, 432 (D.C. Cir.), cert. denied, 513 U.S. 900 (1994)).  See also  United States v. McCarson, 527 F.3d 170, 173-174 (D.C. Cir. 2008) (holding that prior convictions for possession with intent to distribute cocaine "were not only relevant; they were also highly probative of both his intent to distribute the crack cocaine and his constructive possession of the gun and the drugs"); United States v. Pettiford, 517 F.3d 584, 590 (D.C. Cir. 2008) (prior conviction for distributing cocaine from his car "made it substantially more likely that [the defendant] knew that there was (and intended that there be) crack in the console of the Ford – and that he intended to distribute that crack."); United States v. Douglas, 482 F.3d 591, 597 (D.C. Cir 2007) ("Evidence that Douglas

---

³/ The government has intentionally limited its request to admit evidence of the defendant's prior drug trafficking activities for the purpose of showing that he had the requisite state of mind to possess and distribute the crack cocaine recovered from his automobile. The government understands that such evidence is not relevant to his state of mind with respect to the drugs that were actually on his person. See United States v. Linares, 367 F.3d 941 (D.C. Cir. 2004) (holding that it was error to admit pursuant to Rule 404(b) evidence of the defendant's prior firearms conviction in a case where the government's evidence was that the defendant was in actual rather than constructive possession of a firearm). The Court in Linares specifically distinguished constructive possession cases, citing Cassell as a constructive possession case where the defendant's intent and knowledge were at issue and the evidence was necessary to prove the elements of the offense. Linares, 377 F.3d at 949.

The fact that the defendant in this case also actually possessed part of the crack cocaine with which he is charged is no bar to the admissibility of the proposed Rule 404(b) evidence, because the government is still proceeding on a theory of constructive possession with respect to the drugs recovered from the car. See United States v. Garner, 396 F.3d 438, 444 (D.C. Cir. 2005) (holding that Rule 404(b) evidence was admissible to prove the defendant's knowing dominion and control over weapon where government was relying on alternate theories of actual and constructive possession to prove that defendant unlawfully possessed firearm in case).

previously possessed and distributed crack cocaine to an undercover police officer 'has a tendency to make' it 'more probable,' Fed. R. Evid. 401, both that he knew the nature of the substance . . . and that he intended to distribute it"); United States v. Toms, 136 F.3d 176, 183-84 & nn. 11-12 (D.C. Cir. 1998) (in constructive possession case, evidence of prior drug activities and firearm possession was admissible to show intent, motive, knowledge, and/or absence of mistake with respect to the instant firearm); United States v. Latney, 108 F.3d 1446, 1448 (D.C. Cir.) (evidence of defendant's other possession of crack admissible in trial charging aiding and abetting distribution of crack), cert. denied, 522 U.S. 940 (1997); Clarke, 24 F.3d at 264 (evidence of prior sales of cocaine by defendants admissible to establish intent regarding their possession of large amounts of cocaine on dates charged in the indictment); United States v. Washington, 969 F.2d 1073, 1080-81 (D.C. Cir. 1992) (when defendant charged with distribution and possession with intent to distribute drugs, 404(b) evidence of his prior drug transactions was admissible to demonstrate intent, knowledge, plan and absence of mistake), cert. denied, 507 U.S. 922 (1993); United States v. Harrison, 679 F.2d 942, 948 (D.C. Cir. 1982) (evidence of defendant's prior drug trafficking admissible in trial of charges of possession with intent to distribute drugs to show intent, preparation, plan and knowledge); and United States v. Johnson, 40 F.3d 436, 441 n.3 (D.C. Cir. 1994) (proper to admit evidence of a prior drug transaction as bearing on intent to possess), cert. denied, 514 U.S. 1041 (1995). Evidence of the defendant's prior drug trafficking should be admitted, therefore, to prove that the defendant's possession was knowing and intentional, and not simply the product of any mistake or accident.

15.   Furthermore, the prior misconduct should be admitted to prove that the defendant intended to distribute the cocaine recovered from his vehicle. See Crowder II, 141 F.3d at 1209 (finding that it was more probable with the evidence of defendant's subsequent arrest for distribution

of crack cocaine than without it that defendant intended to distribute the crack cocaine in the brown paper bag that he discarded while running from the police; further, it was more probable with the evidence than without it that defendant knowingly possessed the crack cocaine recovered from the brown paper bag). Because the proffered evidence of a previous crime bears such a close relationship to the offenses charged here, its admission will clearly demonstrate, among other things, the defendant's specific motive, knowledge, and intent, and the absence of mistake or accident.

16.    The highly probative value of this evidence is not substantially outweighed by potential prejudice to the defendant. Any potential prejudice is not unique to this case – where the government has shown a permissible non-propensity purpose – but is endemic to all 404(b) evidence: such evidence "almost unavoidably raises the danger that the jury will improperly 'conclude that because [the defendant] committed some other crime, he must have committed the one charged in the indictment.'" Douglas, 482 F.3d at 601 (quoting Crowder II at 1210). Prejudice in this attenuated sense cannot justify a *per se* rule of exclusion. See id. The defense must show "compelling or unique" evidence of prejudice, United States v. Mitchell, 49 F.3d 769, 776 (D.C. Cir. 1995), cert. denied, 516 U.S. 926 (1995), distinct from the probative value of the evidence and distinct from the intrinsic prejudicial potential of any 404(b) evidence. This Circuit has consistently minimized the residual risk of prejudice not by exclusion, but by issuing limiting instructions to the jury. See, e.g., Douglas, 482 F.3d at 601 (emphasizing the significance of the district court's instructions to jury on the permissible and impermissible uses of the evidence); Pettiford, 517 F.3d at 590 (same); Crowder II, 141 F.3d at 1210 (stating that mitigating instructions to jury enter into the Rule 403 balancing analysis). Thus, the evidence is not unduly prejudicial.

WHEREFORE, for the reasons stated above, the United States respectfully submits that the government's motion to admit other crimes evidence pursuant to Federal Rule of Evidence 404(b) should be granted.

        Respectfully Submitted,

        JEFFREY A. TAYLOR
        Attorney of the United States in
        and for the District of Columbia
        Bar No. 498610

BY:      /s/
        EMILY A. MILLER
        Assistant United States Attorney
        Bar No. 462077
        Federal Major Crimes Section
        555 4th Street, N.W., Room 4237
        Washington, DC 20530
        (202) 514-7533
        Emily.Miller2@usdoj.gov

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **Criminal Case No. 08-CR-178 (RMC)** |
| **JADON PRYOR** | : | |

### ORDER

Based upon the government's motion to admit other crimes evidence pursuant to Federal Rule of Evidence 404(b), and any oppositions thereto, for the reasons set forth in the government's motion, it is this _____ day of _____, 2008, hereby

**ORDERED** that, the government may introduce evidence of the defendant's prior drug trafficking activities in its case-in-chief.

_____
ROSEMARY M. COLLYER
United States District Judge